UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIX RODRIGUEZ VALERO,

Petitioner,

v.

UNKNOWN PARTY,

Respondent.

Case No. 1:26-cv-2705

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) Respondent filed his response on September 30, 2026, (ECF No. 3), and Petitioner filed a reply on October 8, 2026, (ECF No. 6).

### II. Factual Background

Petitioner is a native and citizen of Cuba. (ECF No. 6-1, PageID.31.) Petitioner entered the United States on May 8, 2019. (Pet., ECF No. 1, PageID.6.)

On June 22, 2025, Petitioner was arrested for Unlawful Use of Criminal Instrument, Tamper/Fabricate Physical Evidence with Intent to Impair, Burglary of Coin Operated/Collection Machine, and Theft of Property Greater than $100 Less than $750. (Incident Report, ECF No. 6-1, PageID.23–26.) Petitioner was transferred to ICE custody on June 23, 2025. (Pet., ECF No. 1, PageID.4.)

Petitioner is currently detained under 8 U.S.C. § 1226(c). (Reply, ECF No. 6, PageID.19.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

Petitioner claims that he should not be subject to mandatory detention under § 1226(c) because he was not convicted of one of the predicate offenses and is, therefore, entitled to a bond hearing under § 1226(a). (Pet., ECF No. 1, PageID.6; Reply, ECF No. 6, PageID.19–20.) Respondent counters Petitioner's arguments by arguing, *inter alia*, that Petitioner has failed to exhaust his administrative remedies in immigration court. (Resp., ECF No. 3, PageID.13.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *cf. Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). In contrast, § 1226(c)(1)(E) provides, in

relevant part, that "[t]he Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense . . ." 8 U.S.C. § 1226(c)(1)(E). Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

To the extent that a noncitizen believes that his detention does not fall within the scope of § 1226(c), he may request a "*Joseph* hearing" in Immigration Court. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19(a). At such a hearing, the noncitizen would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings*, 583 U.S. at 289 n.1 (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)).

If a noncitizen is dissatisfied with a decision of the immigration judge, the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] [(]BIA[)].'" *Leonardo*, 646 F.3d at 1160 (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.[1]

---

[1] There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA

Here, there is no indication that Petitioner has requested a bond hearing or a *Joseph* hearing in Immigration Court, let alone that Petitioner has appealed any adverse decision to the BIA. Therefore, Petitioner has not exhausted his administrative remedies. Petitioner has also not demonstrated grounds for excusing the exhaustion requirement in this case. Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice.

## Conclusion

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 15, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). The parties have not provided the Court with any information that would suggest that an exception applies here.